### NORTH *v.* APPLETON *et al.*

*(Supreme Court, Special Term, New York County.* October 13, 1890.)

MILITIA—DISCHARGE OF ENLISTED MEN.

Military Code N. Y. § 49, (Laws N. Y. 1883, c. 299, § 49, as amended by Laws 1886, c. 412; 2 Rev. St., 8th Ed., p. 835,) providing that the commander of the regiment shall, upon a proper certificate of the troop, battery, or company commander "grant" the enlisted man a full and honorable discharge, does not mean that the

enlisted man's assent shall be necessary to his discharge, and national guard regulations, (section 219,) providing that the immediate commander of an enlisted man who is entitled to a discharge may apply therefor, without the enlisted man's consent, is not in conflict with any provision of the Military Code.

At chambers. Action by Abraham L. North against Daniel Appleton, as colonel of the seventh regiment, first brigade, national guard of the state of New York, and Austin E. Allen, as captain of Company D of said regiment, to restrain defendants from executing a certificate of honorable discharge of plaintiff from said company D. Plaintiff alleged that he enlisted in said company on April 27, 1888, for a term of five years; that defendants, without the request of plaintiff, and against his will, have issued an order announcing his honorable discharge, on the ground that his term of service has expired; and that defendants intend to complete the discharge by executing a certificate of discharge. Plaintiff moves for an injunction *pendente lite.* Defendants' affidavits, filed in opposition to the motion, aver that plaintiff enlisted on April 4, 1884, in Company C of the seventh regiment for a term of five years; that in April, 1888, he was transferred to company D, but was not then re-enlisted, and, under the law, could not then be re-enlisted, as his term of service had not expired. The affidavits further alleged that the certificate issued to plaintiff by the captain of Company D, at the time of his transfer thereto, was merely intended to show a private agreement with the captain that he (plaintiff) would remain in said company for five years, and did not prevent him from taking his discharge at the end of his term of enlistment, if he should choose to take it, and that defendant Allen, as captain of Company D, had, before the papers on this motion were received, regularly served on plaintiff by mail the discharge duly signed by defendant Appleton, as colonel of the regiment.

*Henry W. Sackett* and *Sackett & Bennett,* for plaintiff. *Charles E. Lydecker* and *Thompson & Lydecker,* for defendants.

BARRETT, J. It appears that the injunction in this case was not served nor even granted, until after the performance of the act which the plaintiff seeks to enjoin. As, therefore, the alleged injury was already done when the action was commenced, the injunction can have no operation. Upon the merits, however, the plaintiff must also fail. Section 219 of the regulations of the national guard provides that, when an enlisted man is entitled to a full and honorable discharge, his immediate commander may apply for such discharge, without such enlisted man's consent. Unless this regulation is repugnant to the Military Code, the plaintiff must submit. I find nothing in the Code requiring the enlisted man's consent to such application. Section 49[1] provides that the commander of the regiment shall, upon a proper certificate of the troop, battery, or company commander, grant the enlisted man a full and honorable discharge. There is nothing here requiring the enlisted man's consent or request. It is contended, however, that this should be implied from the use of the word "grant." But such an important limitation upon the commander's power would scarcely have been left to implication. Had this been intended it would have been natural to make some provision for the method of setting the company commander in motion. Here, the commander of the regiment is to grant the discharge solely upon the certificate of the company commander. There is not a word as to any act of the enlisted man. The word "grant" refers not to the wish of the enlisted man, but to the fact of the discharge, and to the benefit supposed to be attached to its honorable character, to its relief from further service, and its exemption forever from jury duty. Except, therefore, as the word aptly harmonizes with these benefits, it has no greater significance than such words as "give," "furnish," or

[1] Laws N. Y. 1883, c. 299, § 49, as amended by Laws 1886, c. 412, (2 Rev. St., 8th Ed., p. 835.)

"deliver." This construction is fair to the enlisted man, and important to the state; for the enlisted man is absolutely entitled to his discharge upon the expiration of his term, and it might be a very serious matter for the state, if a large number of such men could continue on at their own unrestrained option, thus keeping the ranks full, and then resign in a body at some critical period. The just rule is that which works both ways. At the expiration of the term of enlistment, it is optional with the man to retire, and it is also optional with the state to make room for a new and compulsory term of service. The officers in the present case acted within the powers conferred upon them by law, and the injunction should therefore be dissolved, with costs.